IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RUTH HELEN FLIEHMANN-STARKEY,

Plaintiff,

vs.

DR. IMAD ALSAKAF,

Defendant.

8:23CV390

MEMORANDUM AND ORDER

Plaintiff Ruth Helen Fliehmann-Starkey filed a Complaint on August 31, 2023. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff sues Dr. Imad Alsakaf ("Dr. Alsakaf"), the chairperson of psychiatry at C.H.I. Immanuel Hospital in Omaha, Nebraska, for $100,000 in damages related to "outstanding ever present medical bills, fees, taxes, insurance premiums paid or dues-open ended ongoing processes." Filing No. 1 at 4. Plaintiff's statement of her claim consists of the following:

> On Aug[ust] 21, 2023–August 30, 2023, I was held against my wishes and will by Dr. Imad for the sole purpose of administering psychotropic antidotes for imposed behavior disorders. In the process of forcing me to consume medicine provided by India (which is not regulated by the U.S. FDA) thereby constituting an elicit illegal unconstitutional personal force to partake or lose my personal freedom.

*Id.* (spelling and punctuation corrected).

As relief, Plaintiff asks to "[s]uspend any medical costs associated with this action by Dr. Imad Alsaka[f] and provide safe passage to personal liberties known as personal freedom." Id.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff utilized the Pro Se 1 Form Complaint for a Civil Case and indicated that the basis for the Court's jurisdiction is "Federal question" and listed "Social Security Administration Governmental Agency" as "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." Filing No. 1 at 3. Upon review, the Complaint fails to establish that the Court may properly exercise subject matter jurisdiction over Plaintiff's claims.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. McLain v. Andersen Corp., 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. Bilal v. Kaplan, 904 F.2d 14,

15 (8th Cir. 1990). Here, the allegations of Plaintiff's Complaint do not establish the requisite "federal question" for the Court to exercise jurisdiction under § 1331.

Liberally construed, Plaintiff appears to allege constitutional claims against Dr. Alsakaf pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Similarly, *Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999); *see also Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015) ("As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis.").

Nothing in the Complaint suggests that Dr. Alsakaf is a state actor or that his conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Nor does Plaintiff's vague, inexplicable reference to the Social Security Administration suggest that Dr. Alsakaf is a federal government

official. Consequently, there is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to state a claim under 42 U.S.C. § 1983 or *Bivens*.

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). While Plaintiff alleges a sufficient amount in controversy, Plaintiff's allegations fail to establish complete diversity of citizenship between the parties as both Plaintiff and Dr. Alsakaf appear to be citizens of Nebraska. Filing No. 1 at 1, 4. As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

On the Court's own motion, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendant Dr. Alsakaf will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **January 30, 2025**, to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. Failure to file an amended

complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Clerk of the Court is directed to set the following pro se case management deadline: **January 30, 2025**: check for amended complaint.

Dated this 31st day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge